IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONVERGENCE TECHNOLOGIES (USA), LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> MICROLOOPS CORPORATION, et. al., <br><br> Defendant(s). | CASE NO. 5:10-cv-02051 EJD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> [Docket Item No. 89] |

In this patent infringement action, Plaintiff Convergence Technologies (USA), LLC ("Convergence") seeks leave to file a Second Amended Complaint in order to add four new defendants (collectively, the "New Defendants").[1] Convergence contends that, through discovery, it learned the New Defendants are each parties in the chain of custody of the infringing products from Defendant Microloops Corporation ("Microloops") to Defendants Hewlett Packard ("HP") and Dynatron. According to Convergence, the proposed amendment is intended solely to add parties; no new technology or products will be added. As such, Convergence argues the amendment is appropriate at this time since the case remains in the early stages of litigation.

Microloops, HP and Dynatron believe the motion for leave to amend should be denied for several reasons. First, they argue Convergence delayed in bringing this motion since it was aware of the New Defendants for more than a year. Second, they argue the proposed amendment will cause

---

[1] The four new defendants are: Molex Incorporated, Dynaeon Industrial Company, Inventec Corporation, and Foxconn Technology Group.

1
CASE NO. 5:10-cv-02051 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

undue delay in the litigation and in turn prejudice all defendants since briefs for a fast-approaching claims construction hearing were filed long ago. Third, they believe the amendment will be futile because Convergence will be unable to establish jurisdiction over the New Defendants, some of which are foreign corporations.

Federal jurisdiction arises under 28 U.S.C. §§ 1331 and 1338(a). The court has carefully reviewed the pleadings filed by both parties and finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the motion hearing scheduled for January 3, 2012, is vacated. For the reasons explained more fully below, Convergence's motion will be granted.

## I. DISCUSSION

Ordinarily, leave to amend is granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

The court begins with an examination of prejudice since it is the critical factor. Despite the representation otherwise, the court does not agree that Microloops, HP and Dynatron would be unduly prejudiced by the allowing leave to amend. In their opposition, the current defendants equate prejudice with delay, but such a comparison is unwarranted here. Discovery has not closed and claims construction has not occurred in this case. Although there is some inconvenience inherent to

any delay of litigation, that is simply not enough to support a finding of undue prejudice or itself counter the liberal standard required by Rule 15. See League to Save Lake Tahoe v. City of South Lake Tahoe, No. 2:11-cv-01648-GEB-GGH, 2011 U.S. Dist. LEXIS 115027, at *2 (E.D. Cal. Oct. 5, 2011).

Moreover, the court is not convinced that a further delay of this case will result in an increased financial burden to the current defendants. Notably, a temporary restraining order has not issued. Thus, it is unclear to what additional business costs defendants refer in the opposition brief. Furthermore, the court is not persuaded that Microloops, HP and Dynatron will incur significant legal fees as a result of the amendment. As already noted, Convergence does not seek to add new technology or products. The briefing already submitted by the current defendants' common counsel should therefore be sufficient without a need for significant revision.

The court is also not persuaded that this request is untimely. In response to the allegation that it waited over a year to file this motion, Convergence explains that its prior knowledge of the New Defendants' existence is not the same as knowledge of their direct involvement with the accused infringing products. And as Convergence points out, the motion was filed within the timeframe allowed by the court's Scheduling Order after having been presented to the current defendants nearly three weeks before the deadline.

Finally, the court does not agree that the proposed amended would be futile. While it is true that Convergence may face obstacles in establishing personal jurisdiction - particularly over foreign corporations - the mere possibility that Convergence will be unsuccessful cannot support a finding of futility, or itself justify a denial of this motion.

Since the policy favoring amendment outweighs the delay and inconvenience that will result, the motion will be granted as stated in the order which follows. The Tutorial and Markman hearing will also be continued in order to alleviate any potential prejudice to the New Defendants.

**II.    ORDER**

Based on the foregoing:

1.    Convergence's Motion for Leave to File a Second Amended Complaint is GRANTED. Convergence shall forthwith file the Second Amended Complaint as a separate docket

3
CASE NO. 5:10-cv-02051 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1 entry on PACER/ECF. Once filed and Summonses issued, Convergence shall serve the new
2 defendants without delay.

3     2. The Tutorial and Claims Construction hearing scheduled for January 3, 2012, is
4 VACATED and re-scheduled to May 3, 2012, at 9:00 a.m. for one full day. The claims construction
5 portion of the hearing shall immediately follow the tutorial.

**IT IS SO ORDERED.**

Dated: December 27, 2011



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:10-cv-02051 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT