**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONVERGENCE TECHNOLOGIES (USA), LLC,<br><br>Plaintiff(s),<br>v.<br><br>MICROLOOPS CORPORATION, et. al.,<br><br>Defendant(s). | CASE NO. 5:10-cv-02051 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>[Docket Item No. 119] |

In this patent infringement action, Defendants Microloops Corporation, Hewlett-Packard Company, and Dynatron Corporation (collectively "Defendants") presently move the court for an order staying this case in favor of a second inter parties reexamination of the patent in suit. See Docket Item No. 119. Plaintiff Convergence Technologies (USA), LLC ("Plaintiff") opposes the request. Having reviewed the moving, opposing and reply papers filed by the parties, the court has determined that Defendants' motion to stay should be granted for the reasons indicated below.

## I.   BACKGROUND

Plaintiff owns U.S. Patent No. 7,422,053 (the "'053 patent") entitled "Vapor Augmented Heatsink with Multi-wick Structure," issued on September 9, 2008. See Compl., Docket Item No. 1, at ¶¶ 16. On November 9, 2009, Plaintiff commenced this litigation - originally in the Eastern District of Virginia - asserting the '053 patent against Defendants. Specifically, Plaintiff asserts claims 1 through 5, 8, 9, 18, 19, 20 and 24 of the '053 patent. See Decl. of Eric H. Chadwick, at Ex.

1

C.

In February, 2010, Microloops filed its first request with the United States Patent and Trademark Office ("PTO") for inter parties reexamination of the '053 patent. See id., at Ex. D. The PTO granted the reexamination request and, as relevant here, claim 8 was ultimately cancelled as a result. See id., at Ex. F.

On September 8, 2011, Microloops filed a second request for inter parties reexamination of the '053 patent, this time directed at the remaining claims asserted by Plaintiff in this litigation - claims 1 through 5, 18, 19, 20 and 24. See id., at Ex. G. The PTO granted reexamination of all claims and issued an initial office action rejecting the remaining claims on or about February 6, 2012. See id., at Exs. H, J. Defendants now move to stay this case in favor of the second inter parties reexamination.

## II. LEGAL STANDARD

As in other contexts, whether to grant a stay pending the reexamination of a patent is entrusted to the discretion of the district court. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). A stay is therefore never required but may be "particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." Cygnus Telecomms. Tech., LLC v. United World Telecom, L.C. (In re Cygnus Telecomms. Tech., LLC, Patent Litig.), 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)). In addition, the court may ultimately benefit at trial from the expert opinion of the PTO especially when, as here, a review of prior art is necessary. See In re Etter, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When the patent is concurrently involved in litigation, an auxiliary function [of the reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration.").

Three factors are considered to determine the appropriateness of a stay: (1) whether a stay would unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a

stay will simplify the issues and the ensuing trial, and (3) whether discovery is complete and whether a trial date has been set. Cygnus, 385 F. Supp. 2d at 1022.

There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entm't, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). This is because "Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO." Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 78 (D.D.C. 2002).

### III. DISCUSSION

#### A. Prejudice or Tactical Disadvantage

The court begins by examining the prejudice or tactical disadvantage to Plaintiff that may result from a stay. Plaintiff articulates prejudice mainly in the form of ensuing delay. Plaintiff also argues that Defendants have implemented a strategy of delay, as demonstrated by Microloops' two separate requests for reexamination of the same patent in suit. According to Plaintiff, granting the stay request would only sanction Defendant's "tactical gamesmanship" while at the same time preventing Plaintiff from pursuing its claims through litigation. In addition, Plaintiff contends that Defendants' alleged infringing sales have already pushed one it its suppliers into bankruptcy.

Defendants, for their part, disagree that Plaintiff would be unduly prejudiced. In particular, Defendants argue that the availability of monetary damages to Plaintiff is sufficient to redress any existing harm - or any compounded harm - that may result by virtue of a stay of this action. Moreover, Defendants allege that Plaintiff does not actually practice the patented invention. As such, Plaintiff and Defendants are not in direct competition such that Plaintiff is experiencing ongoing loss of profits.

For this factor, Defendants have presented the better argument. Whether good or bad, delay is an unavoidable consequence to any stay, and numerous courts have determined that a general claim of delay is not enough on its own to constitute undue prejudice. See, e.g., AT&T Intellectual Prop. I v. TiVo, Inc., 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011); see also Tierravision, Inc. v. Google, Inc., No. 11cv2170 DMS(BGS), 2012 U.S. Dist. LEXIS 21463, at *7-8, 2012 WL 559993, (S.D. Cal. Feb. 21, 2012) ("[T]he mere fact and the length of any delay in this case does not

3
CASE NO. 5:10-cv-02051 EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

demonstrate prejudice sufficient to deny Defendant's request for a stay."); see also Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) ("[T]he likely length of reexamination, is not, in itself, evidence of undue prejudice . . . ."). This court agrees that delay, although undoubtedly frustrating for Plaintiff, is not unduly prejudicial here.

Nor does the court concur with Plaintiff that the two reexaminations initiated by Microloops are definitive evidence of an overall strategy of delay. This is because "parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework.'" AT&T, 774 F. Supp. 2d at 1054 (quoting Pegasus Dev. Corp. v. DirecTV, Inc., No. Civ.A. 00–1020–GMS, 2003 U.S. Dist. LEXIS 8052, at *8, 2003 WL 21105073 (D. Del. 2003)). Thus, just as Plaintiff was entitled to institute this litigation under federal patent law, Defendants are entitled to invoke the reexamination process. The litigation and reexamination back-and-forth are just two moving parts of the same machine. When, as here, the PTO determines reexamination is warranted based on prior art, it makes no difference whether the same patent has been subject to a prior reexamination. And since both reexaminations of the '053 patent will occur prior to claim construction in this case, gamesmanship is not readily apparent. See Interwoven, Inc. v. Vertical Computer Sys., Inc., No. C 10-04645 RS, 2012 U.S. Dist. LEXIS 30946, at *8, 2012 WL 761692 (N.D. Cal. Mar. 8, 2012).

In addition, Plaintiff does not dispute that it is not a direct competitor of Defendant. Profit loss to Plaintiff is therefore not an issue for consideration. See Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1548 (Fed. Cir. 1995) ("Normally, if the patentee is not selling a product, by definition there can be no lost profits."). Neither is any loss experienced by separate corporations not parties to this litigation. See Poly-America, L.P. v. GSE Lining Tech., Inc., 383 F. 3d 1303, 1311-12 (Fed. Cir. 2004).

In short, Plaintiff has not shown that the imposition of a stay would cause undue prejudice or tactical disadvantage.

### B. Simplification of Issues

The court now examines whether a stay in favor of reexamination will simplify or streamline this litigation. It is notable that *all* of the claims asserted by Plaintiff in this litigation are subject to

4
CASE NO. 5:10-cv-02051 EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

1  reexamination. It is also important to emphasize the statistics relating to inter parties
2  reexaminations. Of those reexaminations initiated prior to September 16, 2011, "44% of all inter
3  partes reexamination proceedings between 1999 and June 30, 2011 resulted in all claims being
4  canceled, 43% changed the claims, and only 13% confirmed all claims." Pragmatus AV, LLC v.
5  Facebook, Inc., No. 11-CV-02168-EJD, 2011 U.S. Dist. LEXIS 117147, at *7, 2011 WL 4802958
6  (N.D. Cal. Oct. 11, 2011). Under these circumstances, it is certainly more likely than not that some
7  change, if not outright cancellation, will occur as to one or more the asserted claims. A
8  determination cancelling or modifying just one of the six claims acts to clarify the issues for
9  litigation.

10  Even a confirmation by the PTO of all claims is assistive here, although such result is
11  unlikely, since "staying the case pending reexamination will allow the parties to complete the
12  prosecution history, which will inform the parties' and the Court's constructions of the asserted
13  claims." Tierravision, 2012 U.S. Dist. LEXIS 21463, at *4, 2012 WL 559993. Any resulting
14  scenario results in some form of simplification.

15  Plaintiff contends that the court will still need to hear and determine issues of infringement,
16  unenforceability, and validity after reexamination. But this is true *only if* one of the claims survives
17  reexamination, and even if one does, the possibility remains that it will not emerge unscathed
18  thereby changing the way it will be ultimately be constructed by the court. Moreover, another
19  possibility looms large here: if all of the asserted claims are rejected, this case will presumably be
20  dismissed.

21  Because the reexamination may cause significant change to this case and simply the issues,
22  this factor weighs in favor of a stay.

23  **C. Procedural Posture**

24  Finally, the court considers the current status of this case. The parties agree that discovery
25  has been ongoing, but neither argues that discovery is complete. Indeed, such a development would
26  be surprising considering four defendants were recently added to this case in December, 2011. See
27  Second Am. Compl., Docket Item No. 101. In addition, the court has not yet heard claim
28  construction or set a trial date. Although briefing on claim construction is complete based on the

5
CASE NO. 5:10-cv-02051 EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

1 claims in their current form, the possibility of cancellation or modification may require modified or
2 new briefing. That fact, therefore, has only minimal impact on this analysis.

3 Plaintiff points the court to the age of this case - now over two years old - as a reason to
4 deny to the stay. The court has considered that fact. However, despite its age, this case has not
5 reached the "point of no return" for which a stay would inappropriate due to a progressed procedural
6 posture. See, e.g., Interwoven, 2012 U.S. Dist. LEXIS 30946, at *11-12, 2012 WL 761692
7 (denying motion to stay patent case in favor of reexamination after issuance of a claim construction
8 order).

### D. Conclusion

Having examined the relevant factors, it is clear that the current circumstances favor a stay. Other than the frustration of delay, Plaintiff is not obviously prejudiced. In addition, this particular reexamination will have an important impact on the manner in which this litigation will be handled by the parties and viewed by the court. Moreover, the status of the case is no barrier to abatement. Defendants' motion will therefore be granted.

### IV. ORDER

Based on the foregoing, Defendants' motion to stay is GRANTED. This case STAYED in its entirety pending final exhaustion of the currently-pending inter parties reexamination proceeding, including any appeals. The claim construction hearing scheduled for May 3, 2012, is VACATED. The Clerk shall administratively close this case.

The parties shall submit a joint status report apprising the court of the status of the reexamination proceedings on October 1, 2012 and every sixth months thereafter.

The parties shall also provide notice to the court within one week of final exhaustion of the pending reexamination proceeding, including appeals. In the notice, the parties shall request that this matter be reopened and that a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated: April 12, 2012

EDWARD J. DAVILA
United States District Judge